UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                     :

UNITED STATES OF AMERICA

                          :     PRELIMINARY ORDER OF

        - v. -                     FORFEITURE AS TO SPECIFIC

                          :     PROPERTY/

DJONIBEK RAHMANKULOV,           MONEY JUDGMENT

                          :

        Defendant.              S4 20 Cr. 653 (RA)

                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about June 2, 2022, DJONIBEK RAHMANKULOV (the "Defendant"), and another, was charged in three counts of six-count Indictment, S4 20 Cr. 653 (RA) (the "Indictment"), with conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two); and bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in the offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offenses that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One and Two of the Indictment, including but not limited to a sum of United States currency representing the amount of proceeds obtained as a result of the offenses alleged in Counts One and Two of the Indictment, and the following property:

        a.     All monies and funds contained in or traceable to TD Bank, NA account 43684065001, held in the name of Lyfe Marketing Partners, Inc. ("Account-1");

b.      All monies and funds contained in or traceable to TD Bank, NA account 4378018513, held in the name of NY Consulting Management Corp. ("Account-2");

c.      All monies and funds contained in or traceable to TD Bank, NA account 4368928251, held in the name of Day and Night Sales USA Inc. ("Account-3");

d.      All monies and funds contained in or traceable to TD Bank, NA account 438241750, held in the name of A2B Night Sales USA Inc. ("Account-4");

e.      All monies and funds contained in or traceable to JPMorgan Chase Bank, N.A. account 508569826, held in the name of Boulevard 9229 LLC ("Account-5");

f.      All monies and funds contained in or traceable to JP Morgan Chase Bank, NA account 907029628, held in the name of Chaykhana U, Inc ("Account-6");

g.      All monies and funds contained in or traceable to JP Morgan Chase Bank, NA account 625601593, held in the name of EZ Seven Wholesale Inc. ("Account-7"); and

h.      All monies and funds contained in or traceable to Capital One Bank, NA account 7528952671, held in the name of Rego Rx Pharmacy ("Account-8");

WHEREAS, the Indictment included a forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Count Four of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses alleged in Count Four of the Indictment that the defendant personally obtained and the following specific property:

a.      All monies and funds contained in or traceable to TD Bank, N.A. account

4378018513, held in the name of "NY Consulting Management Corp.", namely Account-2; and

b.      All monies and funds contained in or traceable to JPMorgan Chase Bank,

N.A. account 625601593, held in the name of "EZ Seven Wholesale Inc.," namely Account-7;

WHEREAS, on or about September 1, 2022, the Defendant was found guilty,

following a jury trial, of Counts One, Two, and Four of the Indictment:

WHEREAS, on or about September 8, 2020, the Government seized the following

specific property:

a.      $84,801.27 formerly on deposit in Account-1 (the "Account-1 Funds");

b.      $67,530.40 formerly on deposit in Account-2;

c.      $54,863.28 formerly on deposit in Account-3;

d.      $80,351.39 formerly on deposit in Account-4 (the "Account-4 Funds");

e.      $81,887.71 formerly on deposit in Account-5;

f.      $75,783.12 formerly on deposit in Account-6;

g.      $1,771.50 formerly on deposit in Account-7; and

h.      $298,382.59 formerly on deposit in Account-8 (collectively with subparagraphs b, c, e, f, and g, the "Seized Non-Administratively Forfeited Property");

WHEREAS, on or about July 22, 2022, a Declaration of Administrative Forfeiture

was entered forfeiting the Account-1 Funds to the Government;

WHEREAS, on or about March 9, 2022, the Government entered into a stipulation

with an interested party returning $50,432.30 to that party from the Account-4 Funds, leaving

$29,919.60 (this amount, along with Seized Non-Administratively Forfeited Property, collectively,

the "Specific Property");

WHEREAS, the Government asserts that $5,413,278.00 in United States currency represents (i) pursuant to Title 18, United States Code, Section 982(a)(1), the property involved in the offenses charged in Counts One and Two of the Indictment; and (ii) pursuant to Title 18, United States Code, Section 982(a)(2), the proceeds traceable to the offense charged in Count Four of the Indictment that the Defendant personally obtained;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $5,413,278.00 in United States currency representing (i) the property involved in the offenses charged in Counts One and Two of the Indictment; and (ii) the proceeds traceable to the offense charged in Count Four of the Indictment that the Defendant personally obtained;

WHEREAS, the Government further seeks the forfeiture of the Defendant of all his right, title and interest in the Specific Property, which constitutes (i) the property involved in the offenses charged in Counts One and Two of the Indictment; and (ii) the proceeds traceable to the offense charged in Count Four of the Indictment, that the Defendant personally obtained;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the property involved in the offenses charged in Counts One and Two of the Indictment and proceeds traceable to the offense charged in Count Four of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offenses charged in Counts One, Two, and Four of the Indictment, to which the Defendant was found guilty following a jury trial, a money judgment in the amount of $5,413,278.00 in United States currency (the "Money Judgment"), representing the property involved in the offenses charged in Count One and Two of the Indictment and the amount of proceeds traceable to the offense charged in Count Four of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.      As a result of the offenses charged in One, Two and Four of the Indictment, to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, DJONIBEK RAHMANKULOV and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture and the Account-1 Funds shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE

3-17-23
DATE