UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                 Plaintiff,

        v.

DJONIBEK RAHMANKULOV,

                 Defendant.

21-CR-653 (05) (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

      On September 1, 2022, Defendant Rahmankulov was convicted of conspiracy to operate an unlicensed money transmitting business, 18 U.S.C. §§ 371, 1960; conspiracy to commit money laundering, 18 U.S.C. § 1956(h); and bank fraud, 18 U.S.C. § 1344. Following the jury's verdict, the Court denied bail prior to sentencing, finding that Rahmankulov could not make the threshold showing that he was not a flight risk or danger to the community. *See* Tr., Dkt. 209 at 1346. On March 17, 2023, the Court sentenced Rahmankulov to 121 months' imprisonment, after weighing the relevant Section 3553(a) factors, and highlighting, among other things, Rahmankulov's lack of respect for the Court and the justice system, his extensive series of lies, his "outrageous" "attempt to deceive" the Court by filing false sentencing letters, his lack of remorse, and the strong need for deterrence. Sentencing Tr., Dkt. 237 at 32–35.

      Rahmankulov, proceeding *pro se*, now renews his motion for bail pending the outcome of his appeal before the Second Circuit. For the reasons that follow, applying the applicable legal standard under the Bail Reform Act, 18 U.S.C. § 1343, *et seq.*, the Court does not hesitate in denying Defendant's motion.

## PROCEDURAL HISTORY

Following Rahmankulov's sentencing, his trial counsel, Joseph Murray, filed a notice of appeal, *see* Dkt. 239, and, on April 6, 2023, applied for admission to the Second Circuit on Rahmankulov's behalf, *see United States v. Rasulov, et al.*, 23-6321 (2d Cir.). Rahmankulov then filed two *pro se* motions on April 7, 2023: first, seeking bail pending appeal, *see* Dkt. 233, and, second, seeking an order that he be retained at the MDC for sixty days, *see* Dkt. 234. On April 17, 2023, he further filed a habeas petition under 28 U.S.C. § 2255, seeking to vacate his conviction and sentence. *See* Dkt. 245. His counsel then moved to withdraw before the Second Circuit. *See United States v. Rasulov*, 23-6321, Dkt. 10.

As to Rahmankulov's first motion, on April 19, the Court ordered the government to respond to his request for bail pending appeal no later than April 30, *see* Dkt. 251, and the government did so by letter on April 28, *see* Dkt. 253; as to the second, the Court endorsed Rahmankulov's request, and "recommend[ed] that Mr. Rahmankulov remain detained at the MDC until his appeal is decided," on May 9, 2023, *see* Dkt. 256; as to the third, the Court denied Rahmankulov's habeas petition without prejudice on May 8, 2023, *see* Dkt. 255.

## LEGAL STANDARD

Pursuant to the Bail Reform Act, the Court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained," unless the Court makes certain findings by "clear and convincing evidence." 18 U.S.C. § 3143(b)(1). Specifically, as interpreted by the Second Circuit in *United States v. Randell*, district courts may only grant bail pending appeal where they make all four of the following determinations:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

2

> (2) that the appeal is not for purpose of delay;
> (3) that the appeal raises a substantial question of law or fact; *and*
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

761 F.2d 122, 125 (2d Cir. 1985) (emphasis added). A "substantial question" under the third prong is a "'close' question or one that very well could be decided the other way." *Id*. (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). Even where a question raised on appeal is "substantial," a court must "consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" *Id*. (citing *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). "[T]he burden of persuasion rests on the defendant" to demonstrate that each of these four requirements is met. *Id*. (citing S. Rep. No. 225, 98th Cong., 2d Sess. 26).

"Although the filing of a notice of appeal usually divest[s] the district court of further jurisdiction, the initial determination of whether a convicted defendant is to be released pending appeal is to be made by the district court." *United States v. Meyers*, 95 F.3d 1475, 1488–89 n.6 (10th Cir. 1996); *see also United States v. Hochevar*, 214 F.3d 342, 343 (2d Cir. 2000) (observing that "it is generally more appropriate that the motion [for bail pending appeal] be made initially in the district court," and finding, in a case where the defendant's "notice of appeal to the [Second Circuit] was filed" but the "briefs on the merits have not been filed," that a motion for bail pending appeal could be appropriately made to the district court).

## DISCUSSION

Rahmankulov has not carried his burden of establishing that any of the four prongs of the test set forth in Section 3143 have been met—let alone that all four have been established by clear and convincing evidence such that bail pending appeal is warranted.

3

First, Rahmankulov has again failed to show that he is not likely to flee or that he would not pose a risk of danger to the community if released. As the Court found when it denied his request for bail prior to sentencing, the weight of the evidence instead demonstrates that the "defendant poses a risk of flight and, albeit to a significantly lesser extent, a risk of danger to others." Tr., Dkt. 209 at 1346. In its previous bail determination concluding that Rahmankulov poses a risk of flight, the Court cited, among other things, the fact that he is not a U.S. citizen, "has strong ties to Uzbekistan," has family members and houses there, and that he has significant "funds there … which suggests that he'll have a financial support system if he flees." *Id*. at 1347. Indeed, as the government observed, "the record testimony is [that Rahmankulov] has hundreds of thousands of dollars in property and in other assets in Uzbekistan outside of the reach of the U.S. government, and there is no way for the court to be able to ensure that he won't be able to access those assets." *Id*. at 1344. The Court also found that any risk of flight was further heightened by the fact that, "[n]ot only was [Rahmankulov] convicted of a crime of dishonesty," but there was "extensive evidence of his lies and his efforts to defraud, including to defraud a government agency." *Id*. at 1347; *see also United States v. Nicolo*, 706 F. Supp. 2d 330, 334 (W.D.N.Y. 2010) (finding the defendant's deceitful and fraudulent behavior demonstrated that he could not be trusted to abide by any conditions of release); *Untied States v. Nouri*, 2009 WL 2924334, at *2 (S.D.N.Y. Sept. 8, 2009) (observing that the defendant "has engaged in dishonest and obstructive conduct" and had "committed fraud," justifying denial of a renewed request for bail).

As to risk of dangerousness to the community, the Court observed Rahmankulov had engaged in witness tampering while on pretrial release, by contacting prospective government witness "CW-1" and instructing the witness to lie to the FBI. *See* PSR ¶ 64. After Rahmankulov learned that CW-1 would cooperate with the government, the testimony at trial demonstrated that

he threatened the witness, stating that, if he went to prison, "I will drag all of you with me, and once you are there, then I will have my revenge." Tr. at 510. Rahmankulov further threatened to blackmail CW-1 by disclosing his "secrets" to CW-1's parents. *Id*.

Rahmankulov's renewed motion does not demonstrate that anything has changed in his favor since the time of the Court's bail determination in September of 2022. If anything, there is now even more indication that Rahmankulov poses a risk of both flight and danger. To start, he has now been sentenced to a lengthy sentence of more than ten years' imprisonment. Courts in this Circuit have frequently concluded that the imposition of such a lengthy sentence, itself, may weigh in favor of finding that a defendant is more likely to flee than before learning of their sentencing fate, as here. *See, e.g.*, *United States v. Scali*, 738 F. App'x 32, 33 (2d Cir. 2018) ("The court reasonably determined that Scali's Guidelines range of 87-108 months' imprisonment was significant enough to provide an incentive to flee."). But even more significantly, in the time since the Court last denied bail, Rahmankulov has engaged in additional obstructive conduct, including by brazenly submitting fraudulent letters of support to this Court in an effort to obtain a lesser sentence. *See Scali*, 738 F. App'x at 33 (noting that a defendant's perjury conviction "makes it difficult to trust his promise that he will not flee"). As a threshold matter, then, because Rahmankulov has not introduced any new evidence that would warrant the Court revisiting its previous findings—much less evidence rising to the level of that which is clear and convincing—his motion for bail pending appeal must be denied.

But even if Rahmankulov had met his burden of persuasion as to the first prong of the applicable test, his bail motion would nevertheless be deficient for the simple reason that it does not indicate that Rahmankulov intends to appeal his conviction on Count One of the Superseding Indictment, for which he was sentenced to 60 months' imprisonment. Instead, his motion indicates

that he intends to appeal his conviction and sentence on the basis of the Court's instructions to the jury regarding the money laundering and bank fraud charges, and does not include any appellate issues raised by his conviction for conspiring to operate an unlicensed money transmitting business under 18 U.S.C. § 371.  *See* Def's Mot., Dkt. 243 at 1–3.  Thus, even assuming each of the claims he intends to raise are meritorious—an assumption about which the Court is highly skeptical—his appeal would not reduce his sentence below the period of time already served plus the expected duration of his appeal before the Second Circuit.  *See United States v. Howe*, 2005 WL 233826, at *1 (D. Conn. Jan. 25, 2005) (denying motion for bail pending appeal because the "decision on the appeal was not likely to result in a reduced sentence to a term of imprisonment less than the time already served plus the expected duration of the appeal process").  Rahmankulov is thus unable to meet his burden with respect to the fourth prong of the applicable test, even assuming any of his arguments regarding the jury charge were found to present a "substantial" question of law.

Finally, Rahmankulov's latest letter now further requests that the Court issue a writ of habeas corpus directing that he be returned to the MDC, from which he was transferred by the Bureau of Prisons on May 10.  *See* Def's Mot., May 11, 2023.  Although the Court previously recommended to the Bureau that Rahmankulov remain at the MDC, and again reiterates that recommendation here, given that Rahmankuilov has cited no legal authority in support of his request, the Court finds formal issuance of a writ to be unwarranted at this time.  The Court therefore denies this request, albeit without prejudice.  Should Rahmankulov wish to renew his request that such a writ issue directing his return to the MDC or otherwise concerning his conditions of confinement, he shall file a habeas petition citing appropriate legal authority providing a legal basis for doing so.

## CONCLUSION

For the foregoing reasons, Rahmankulov's remaining motions for bail pending appeal and for a writ of habeas corpus directing his return to the MDC are denied. The Clerk of Court is respectfully directed to terminate the motions pending at Dkt. 243 and 258.

SO ORDERED.

Dated:    May 15, 2023
          New York, New York

Hon. Ronnie Abrams
United States District Judge