USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DJONIBEK RAHMANKULOV,

Defendant.

No. 20-cr-653 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On September 1, 2022, a jury convicted Defendant Djonibek Rahmankulov of (1) conspiracy to operate an unlicensed money transmitting business, in violation of 18 U.S.C. § 371; (2) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. *See* Verdict Form, ECF No. 177. At sentencing on March 17, 2023, the Court imposed a fine of $40,000.00 with no specific payment schedule and a special assessment of $300.00. *See* Sentencing Tr. 42:11–18, ECF No. 237. The judgment reflected the same. *See* J. 6–7, ECF No. 236. On August 15, 2023, Defendant, proceeding *pro se*, filed a motion to "amend" the Court's judgment under Federal Rule of Criminal Procedure 36. *See* Mot. to Correct 1, ECF No. 278. Defendant seeks an amended judgment indicating either "that the funds seized from the Defendant by the Government shall be credited towards the fine imposed," requiring no further payment; or, alternatively, that the fine imposed need not be paid until Defendant's period of supervised release. *Id.*; *see also* Reply to Gov.'s Opp'n to Mot. to Correct 2, ECF No. 288.

Under Rule 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a *clerical error* in a judgment . . . ." Fed. R. Crim. P. 36 (emphasis added). A clerical

error within the scope of Rule 36 is one "of the sort that a clerk or amanuensis[1] might commit, mechanical in nature," and not "one of judgment or even of misidentification." *Burd*, 86 F.3d at 288 (quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995)). The Rule "covers *only* minor, uncontroversial errors." *Werber*, 51 F.3d at 347 (emphasis added). Examples of clerical errors include "listing the wrong statutory citation for the offense of which the defendant was convicted" and "misspelling of . . . defendant's name." *United States v. Jacques*, 6 F.4th 337, 341 (2d Cir. 2021).

Defendant identifies no clerical error that the Court may correct under Rule 36. He contends that the written judgment is "vague[]," observing that the Court "failed to set a payment schedule." Mot. to Correct 1. Even if "vagueness" were a clerical error, the judgment imposed against Defendant is not vague. Absent an imposed payment schedule, payment is—as a matter of law—due immediately: Under 18 U.S.C. § 3572(d)(1), "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, *unless*, in the interest of justice, the court provides for payment on a date certain or in installments." § 3572(d)(1) (emphasis added).

Defendant further contends that the judgment requires correction because it fails to reflect the Government's alleged agreement "to apply funds seized from banks accounts . . . to the financial penalties imposed at sentencing." Mot. to Correct 1. Such a failure would not constitute a "mechanical[,] . . . "minor, [or] uncontroversial error[]. " *Werber*, 51 F.3d at 347. The sentencing transcript, for example, includes no reference to such an agreement, let alone any indication that the Court intended to incorporate it into the judgment imposed. The Government, moreover,

---

[1] "An amanuensis is 'one employed to write from dictation or to copy manuscript.'" *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) (quoting Webster's Seventh New Collegiate Dictionary (1965)).

disputes that reached such an agreement with Defendant's formal counsel. *See* Opp'n to Mot. to Correct 3, ECF No. 287.[2]

Accordingly, it is hereby ordered that Defendant's motion filed under Federal Rule of Criminal Procedure 36 is denied. To the extent Defendant seeks to convert this Motion into an application for a writ of *habeas corpus* under 28 U.S.C. § 2255, he may so notify the Court. However, the Court warns Defendant that a converted motion would be "subject to the restrictions on 'second or successive' [§ 2255] motions." *Castro v. United States*, 540 U.S. 375, 383 (2003); *see* 28 U.S.C. § 2255(h) (describing requirements of "second or successive" motions under § 2255).

SO ORDERED.

Dated:     October 20, 2023
           New York, New York

Ronnie Abrams
United States District Judge

---

[2] In his reply letter, Defendant further asserts that, absent authority under Rule 36, the Court may amend its judgment under 18 U.S.C. § 3572(d)(3). Reply to Gov.'s Opp'n to Mot. to Correct 2. Defendant misreads § 3572(d)(3). Under § 3572(d)(3), "[a] judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine." That judgments permitting installment payments must require notification of certain economic circumstances does not mean that a court is permitted to amend a judgment because a defendant faces those circumstances.