```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DJONIBEK RAHMANKULOV,

           Defendant.

No. 20-CR-653 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

After a jury convicted Djonibek Rahmankulov of several financial crimes, the Court issued a preliminary order of forfeiture as to $54,863.28 formerly deposited in Day and Night Sales USA Inc.'s bank account. In October 2023, Anton Perevoznikov filed a petition under 21 U.S.C. § 853(n)(2) asserting a legal interest in those funds. The Government moved to dismiss the petition for lack of standing. Because Perevoznikov lacks constitutional standing, the Court is without subject matter jurisdiction to adjudicate the validity of his alleged interest in the funds. Accordingly, the Government's motion to dismiss is granted.

## BACKGROUND

On September 1, 2022, a jury convicted Djonibek Rahmankulov of (1) conspiracy to operate an unlicensed money transmitting business, in violation of 18 U.S.C. § 371; (2) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and (3) bank fraud, in violation of 18 U.S.C. § 1344. *See* J. 1, Dkt. No. 236. Shortly after the guilty verdict, the Government seized $54,863.28 formerly deposited in TD Bank, NA Account 4368928251, held in the name of Day and Night Sales USA Inc. *See* Prelim. Order Forfeiture Specific Property/Money J. 3, Dkt. No. 234. On March 17, 2023, the Court issued a preliminary order of forfeiture as to specific property/money judgment. The specific property ordered forfeited to the United States included

the $54,863.28 formerly deposited in TD Bank. *See id.* at 3, 5. The Court further ordered the Government to publish notice of the forfeiture and to "send notice to any person who reasonably appear[ed] to be a potential claimant with standing to contest the forfeiture in [an] ancillary proceeding." *Id*. at 6. It also indicated that "upon [the] adjudication of all third-party interests," it would enter a final order of forfeiture with respect to the specific property. The specific property forfeited would then "be applied toward[] satisfaction of the Money Judgment." *Id*.

By letter dated August 17, 2023, the Government provided notice of the forfeiture to Anton Perevoznikov. *See* Order attach. 3, Dkt. No. 292. The letter informed Perevoznikov that third parties wishing to assert a legal interest in property ordered forfeited had to file with the Court a petition for a hearing to adjudicate the validity of their alleged interests.[1] *See id.* Perevoznikov subsequently filed a *pro se* petition asserting his legal interest in the $54,863.28 ordered forfeited. *See id.* attach. 1. In his petition, dated October 24, 2023, Perevoznikov alleges:

> I am the lawful owner of the $54,863.28 in United States currency that was seized by the Federal Bureau of Investigation of or about August 13, 2020, from my bank account at TD Bank in Mount Laurel, New Jersey, under the business name Day and Night Sales USA Inc., with account number 436892851.

*Id*. Attached to the Petition were two bank statements of Day and Night Sales USA Inc.'s account. *See id.* attachs. 5–6.

On December 5, 2023, the Government filed a motion to dismiss Perevoznikov's petition for lack of standing.[2] *See* Mot. Dismiss, Dkt. No. 301. Perevoznikov has not filed a response.

---

[1] Perevoznikov sent the Government a "petition" dated August 28, 2023 asserting an interest in the $54,863.28. *See* Order attach. 2. By letter dated October 13, 2023, the Government informed Perevoznikov that he was required to file a petition asserting his interest with the Court. *See id.* It further explained that it would take no action at the time, allowing him an additional thirty days to file his petition with the Court. *See id.*

[2] In its motion to dismiss, the Government does not distinguish between constitutional and statutory standing. However, "[w]here [a] statutory standing issue is essentially the same as a merits issue," the court must decide the constitutional standing issue first. *All. For Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87 (2d Cir. 2006). That is the case here. To establish statutory under 21 U.S.C. § 853(n), "a petitioner must demonstrate that he has a 'legal interest in [the forfeited] property.'" *United States v. Watts*, 786 F.3d 152, 161 (2d

2

**DISCUSSION**

Where a third party has a "legal right, title, or interest in . . . property" ordered criminally forfeited to the United States, the forfeiture order may be invalid and require judicial amendment. 21 U.S.C. § 853(n)(6). To obtain an amended order, the third party must petition the "court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). Before a hearing takes place, however, "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A); *see also United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999) (identifying the need for both constitutional and statutory standing in a civil forfeiture context). The court must treat a motion to dismiss the petition "like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004). Accordingly, it assumes the truth of the alleged facts, but not the truth of any legal conclusions. *See Willis Mgmt. (Vermont), Ltd. v. United States*, 652 F.3d 236, 242 (2d Cir. 2011).

Constitutional "standing is an essential and unchanging part of the case-or-controversy requirement of Article III" of the Constitution. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Without it, "a court has no subject matter jurisdiction to hear the merits of a plaintiff's—or, in this case, [a petitioner's]—claim." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).

Constitutional standing requires a plaintiff to establish by a preponderance of the evidence that he "suffered or [is] imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a

---

Cir. 2015) (quoting *United States v. Ribadeneira*, 105 F.3d 833, 835 (2d Cir. 1997)) (alteration in original). Relatedly, to succeed on the merits of a petition, a petitioner must have "a legal right, title, or interest in the property" or be "a bona fide purchaser for value of the right, title, or interest in the property." 21 U.S.C. § 853(n)(6)(A)–(B).

3

favorable judicial decision." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (quoting *Lujan*, 504 U.S. at 560); *see Marakova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Ownership is "often [a] reliable indicator[] of injury that occurs when property is seized." *Cambio Exacto, S.A.*, 166 F.3d at 527.

Perevoznikov alleges that he is the owner of the funds in dispute. More specifically, he asserts that he is "the lawful owner of the $54,863.28 . . . that was seized . . . from [his] bank account at TD Bank in Mount Laurel, New Jersey, under the business name Day and Night Sales USA Inc." Order attach. 1. He further argues that two attached bank statements of Day and Night Sales USA Inc.'s account support his assertion of ownership. *See id.* attachs. 1, 5–6.

Perevoznikov's allegations are insufficient to establish ownership of the funds.[3] It is true that shareholders are beneficial owners of a corporation's assets. *See Saks v. Higgins*, 111 F.2d 78, 80 (2d Cir. 1940), *rev'd on other grounds sub nom. Maass v. Higgins*, 312 U.S. 443 (1941); *United States v. Wallach*, 935 F.2d 445, 462 (2d Cir. 1991), *abrogated on other grounds by Ciminelli v. United States*, 598 U.S. 306 (2023). When a "corporation incurs significant harm," shareholders suffer an injury because the harm reduces "the return on their investment and lower[s] the value of their stockholdings."[4] *Grubbs v. Bailes*, 445 F.3d 1275, 1280 (10th Cir. 2006); *see also Franchise Tax Bd. of Cal. v. Alcan Aluminium Ltd.*, 493 U.S. 331, 335–36 (1990) (concluding that a sole corporate shareholder of subsidiary corporations had constitutional standing to challenge the taxes deemed payable by the subsidiary corporations); *Chan v. Mui*, No. 92-CV-8258, 1995 WL 373318, at *2 (S.D.N.Y. June 22, 1995) (concluding that a plaintiff, as a major shareholder of

---

[3] The Court need not accept as true Perevoznikov's allegation that he owns the funds because the question of ownership is, in part, a legal one. *See* New Windsor Volunteer Ambulance Corps, Inc. v. Meyers, 442 F.3d 101, 111 (2d Cir. 2006).

[4] Accordingly, the question of whether a shareholder must assert an interest on behalf of the corporation rather than himself is not a constitutional standing inquiry. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 125–26 (2d Cir. 2022).

his family's corporation, suffered an "injury in fact" when his family's corporation lost money). But Perevoznikov alleges neither that he is a shareholder of Day and Night Sales USA nor any facts indicating that he is. The bank statements of Day and Night Sales USA Inc.'s account, for instance, do not bear Perevoznikov's name. *See* Order attachs. 5–6. Perevoznikov thus fails to establish that he "suffered or [is] imminently threatened with" injury, leaving the Court without jurisdiction to adjudicate the validity of his alleged interest in the funds. *Lexmark Int'l, Inc.*, 572 U.S. at 125; *see Lujan*, 504 U.S. at 560.

To be clear, even if Perevoznikov had alleged that he is a shareholder and provided factual support, the Court would not necessarily conclude that he has a valid interest in the funds. Given that Perevoznikov petitions the Court in his own name—and not in the name of Day and Night Sales USA Inc.—he might also face a statutory standing challenge pursuant to 21 U.S.C. § 853(n). "Statutory standing is 'simply a question of whether the particular plaintiff 'has a cause of action under the statute.'" *United States v. Swartz Fam. Tr.*, 67 F.4th 505, 515 (2d Cir. 2023) (quoting *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016)). "To establish [statutory] standing to challenge an order of forfeiture under § 853(n), a petitioner must demonstrate that he has a 'legal interest in [the forfeited] property.'" *Watts*, 786 F.3d at 161 (quoting *Ribadeneira*, 105 F.3d at 835) (alteration in original); *see* 21 U.S.C. § 853(n)(2). Despite their beneficial interest in corporate assets, shareholders have no legal interest in a corporation's assets. *See, e.g.*, *Wallach*, 935 F.2d at 462, *abrogated on other grounds by Ciminelli*, 598 U.S. 306 ("[T]he corporation in respect of corporate property and rights is entirely distinct from the stockholders who are the ultimate or equitable owners of its assets." (quoting *5303 Realty Corp. v. O & Y Equity Corp.*, 476 N.E.2d 276, 283 (N.Y. 1984))); *United States v. Taylor*, No. CR 97-

344, 2000 WL 715916, at *5 (D. Or. June 5, 2000); *Bailey v. United States*, Nos. 92-577C, 92-817C, 2002 WL 1964019 (Fed. Cl. Aug. 14, 2002), *aff'd*, 341 F.3d 1342 (Fed. Cir. 2003).

Nevertheless, a shareholder's inability to satisfy the statutory standing requirements of 21 U.S.C. § 853(n) does not preclude the corporation itself from filing a petition. *See, e.g.*, *United States v. Egan*, 811 F. Supp. 2d 829, 832 (S.D.N.Y. 2011).[5] Accordingly, while the petition is dismissed, it is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the Government's motion to dismiss the forfeiture petition is granted. The Clerk of Court is respectfully directed to mail a copy of this memorandum opinion and order to Perevoznikov.

Dated:   January 5, 2024
         New York, New York

                                              Ronnie Abrams
                                              United States District Judge

---

[5] "It is well established that a layperson may not represent a corporation, may not assert *pro se* a claim that has been assigned to the litigant by a corporation, and may not appear *pro se* to pursue a shareholder's derivative suit." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (citations omitted).