USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

DJONIBEK RAHMANKULOV,

                Defendant.

No. 24-cr-653 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

      The Court is in receipt of the government's final proposed restitution order, Doc. No. 373, as well as the Defendant's counseled and *pro se* objections to the government's initial proposal, Doc. Nos. 262, 354, 366, 368, 373. The Court hereby orders the government to file a supplemental letter to clarify two aspects of its final proposed restitution order.

      First, the government shall clarify whether it still seeks the $2,931.98 in costs written off by Home Services Title after its funds were stolen in in a hack. In its initial restitution proposal, the government stated that it was seeking a total of $26,773.98 in restitution for Home Services Title, which included $23,842.30 in investigation fees plus $2,931.98 in costs that were written off as unrecoverable. *See* Doc. No. 262 at 3. After Defendant objected that a portion of the $23,842.30 in investigation fees were not covered by the Mandatory Victims Restitution Act ("MVRA"), the government agreed that it would seek restitution for only $9,280.30 to cover the investigation costs that were covered by the MRVA. *See* Doc. No. 373 at 1 & n.1. The government's final proposal, however, did not mention the $2,931.98 in writeoffs at all and did not indicate why it was no longer seeking restitution for those losses.

      Second, the government shall clarify whether Defendant's restitution obligations should be apportioned for *all* victims, as opposed to just Varitron and Cornerstone Real Estate. In its final

restitution proposal, the government proposed that Defendant pay restitution to two victims—Varitron and Cornerstone Real Estate—"only for the amount that was laundered through the defendant and [his] shell companies." *Id.* at 2 (proposing that Defendant pay only $85,000 to Varitron and $71,000 to Cornerstone, since the rest of the funds stolen from those victims were not laundered by Defendant). It appears, however, that other victims such as Cape Cod Community College and Home Services Title are similarly situated to Varitron and Cornerstone, in that Defendant laundered only some of the funds stolen from them (while his co-conspirators laundered the rest). For instance, more than $800,000 was stolen from Cape Cod Community College's account through unauthorized wire transfers, but the evidence at trial indicated that only $99,100 of that total was laundered by Defendant. *See* Trial Tr. at 1128–29. Even so, the government is apparently still seeking restitution to cover the full amount of the college's loss, which exceeds the portion that Defendant personally laundered. *See* Doc. No. 373-1 at 1 (seeking $129,547 in restitution to cover the stolen funds that the college was unable to recover). Similarly, while over $1.2 million was stolen from Home Services Title across twelve unauthorized wire transfers, only $99,390 of that was shown to have passed through Defendant's accounts. *See* Trial Tr. at 146. The government nonetheless seeks nearly $200,000 in restitution connected to Home Service Title's losses. *See* Doc. No. 373-1 at 1 (proposing over $200,000 in restitution to the two insurance companies who compensated Home Services Title for its unrecovered losses). It is not clear why Defendant's restitution to some victims like Varitron and Cornerstone should be apportioned while his restitution to others is not.

Accordingly, no later than October 24, 2024 the government shall file a supplemental letter stating (1) whether it continues to seek the $2,931.98 writeoff as part of the restitution due to Home Services Title, and (2) whether Defendant's restitution obligations to other victims, including but

not limited to Cape Cod Community College and Home Services Title, should be apportioned based on the amount of funds that Defendant personally laundered. Defendant may file a response to the government's submission by October 31, 2024.

SO ORDERED.

Dated:   October 17, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge