UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -v.-

DJONIBEK RAHMANKULOV,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FINAL ORDER OF FORFEITURE**

S4 20 Cr. 653 (RA)

WHEREAS, on or about March 17, 2023, this Court entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment (D.E. 234) with respect to DJONIBEK RAHMANKULOV (the "Defendant"), imposing a money judgment in the amount of $5,413,278.00 in United States currency against the Defendant, and forfeiting to the United States all right, title and interest of the Defendant in, *inter alia*, the following property:

    a.    All monies and funds contained in or traceable to TD Bank, NA account 4368928251, held in the name of Day and Night Sales USA Inc. (Day and Night Sales USA Account);

(the "Subject Property");

WHEREAS, the Consent Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Subject Property, and the requirement that any person asserting a legal interest in the Subject Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Subject Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Subject Property before the United States can have clear title to the Subject Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Subject Property was posted on an official government internet site (www.forfeiture.gov) beginning on April 27, 2023, for thirty (30) consecutive days, through May 26, 2023, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on May 3, 2024 (D.E. 330);

WHEREAS, pursuant to a seizure warrant, the Government seized, *inter alia*, the following:

    a.    $54,863.28 in United States currency formerly on deposit in Day and Night Sales USA Account

(the "Seized Funds");

WHEREAS, on or about August 17, 2023, notice of the Preliminary Order of Forfeiture was sent by Certified Mail to the following parties:

- Djuma Safirov
  Brooklyn, NY 11214

- Farzodjon Asadov
  Brooklyn, NY 11214

- Boris Nektalov
  (Rego Rx Pharmacy)
  Queens, NY 11419

- Joseph William Murray
  (Ishbay Shukurov)
  Great Neck, NY 11021

- Yuriy Zavulunov
  Brooklyn, NY 11230

- Shokhrukh Rakhimov
  Mount Prospect, IL 60056

- Djuma Safarov
  Jamaica, NY 11435

- Ishbay Shukurov
  Brooklyn, NY 11235

- Arkadi Yagudasyen
  Jamaica, NY 11432

- Rohatoy Khudoynazarova
  Rego Park, NY 11374

- Rohatoy Khudoynazarova
  Forest Hills, NY 11375

- Abdurafik Samiyev
  Brooklyn, NY 11235

- Anton Perevoznikov
  FCI Danbury
  Danbury, CT 06811

(collectively, the "Noticed Parties");

WHEREAS the Court has dismissed a third-party petition for the Seized Funds submitted to the Government by Anton Perevoznikov, dated August 28, 2023, for lack of subject matter jurisdiction (D.E. 303), and Perevoznikov's appeal of that dismissal has likewise been dismissed (D.E. 332);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture, and no other petitions or claims to contest the forfeiture of the Seized Funds have been filed;

WHEREAS, the Defendant and the Noticed Parties are the only individuals and/or entities known by the Government to have a potential interest in the Seized Funds; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Seized Funds is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Seized Funds.

3. The United States Marshals Service (or its designee) shall take possession of the Seized Funds and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
October 20, 2025

SO ORDERED:

_____
HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE